UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CAMERON MOORE PLAINTIFF

V. CIVIL ACTION NO. 3:26-CV-559-DPJ-ASH

TESLA, INC. and
U.S. BANK NATIONAL ASSOCIATION DEFENDANTS

ORDER

This cause is before the Court on Defendant Telsa, Inc.'s motion to compel arbitration [10] and supplemental motion to compel arbitration [13]. Plaintiff Cameron Moore, who is proceeding pro se, has responded in opposition. Pl.'s Resp. [15]. Having considered the parties' submissions, the Court finds Moore's claims should be submitted to arbitration.

I. Procedural History

Moore alleges that he transferred "two financial assets with a combined face value of $110,000" to Defendants Telsa, Inc. and U.S. Bank National Association to buy a Tesla vehicle costing $55,000. Compl. [1-1] at 2 (State Ct. R.); *see id.* at 3, 10. He claims that Defendants failed to apply the payments to the vehicle purchase and continue to demand payment. *Id.* at 8–9. On June 19, 2026, Moore filed a lawsuit in state court, seeking a declaration that he has "fully satisfied the purchase price" and an order "requiring Defendants to refund the $55,000 surplus." *Id.* at 10.

Tesla removed the case to this Court, citing diversity and federal-question jurisdiction. Notice [1] at 4 (citing 28 U.S.C. § 1331); *id.* at 5 (citing 28 U.S.C. § 1332). It then moved to compel arbitration. Def.'s Mot. [10]. According to Tesla, when Moore placed an order for a 2026 Tesla on its website, he agreed to be bound by its Motor Vehicle Order Agreement that included an agreement to arbitrate. Def.'s Mem. [11] at 2.

After removal but before Telsa filed its motion, Moore moved for leave to file an amended complaint [8]. Relying on the proposed amended complaint attached to the motion, Tesla filed a supplemental motion to compel arbitration. Def.'s Supp. Mot. [13] at 1 (advising it "submits this Supplement out of an abundance of caution to make clear that, should the Court grant Plaintiff's Motion or otherwise deem the proposed First Amended Complaint operative, Tesla seeks arbitration of all claims asserted therein"). United States Magistrate Judge Andrew S. Harris granted the motion to amend, *see* Sept. 9, 2026 Text-Only Order, and on September 14, 2026, Moore filed an Amended Complaint [17].

The Court considers Tesla's motions to compel arbitration [10, 13] fully briefed. *See* Pl.'s Resp. [15]; Def.'s Reply [16].

II. Standard

When considering a motion to compel arbitration under the Federal Arbitration Act, courts conduct a two-step inquiry. *Ford Motor Co. v. Ables*, 207 F. App'x. 443, 446 (5th Cir. 2006). The first step has two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of the arbitration agreement." *Id.* (quotation omitted). In the second step, courts ask "whether legal constraints external to the parties' agreement foreclose[ ] the arbitration of those claims." *Id.* (quotation omitted); *see also Forest Hill Nursing Ctr., Inc. v. McFarlan*, 995 So. 2d 775, 779 (Miss. Ct. App. 2008). Doubts concerning the arbitrability of claims are resolved in favor of arbitration. *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

III. Analysis

***Is there a valid agreement between the parties?*** On June 5, 2026, Moore placed an order for a 2026 Tesla Model 3. Motor Vehicle Order Agreement (MVOA) [10-1] at 1. On page two of the Motor Vehicle Order Agreement, Telsa included an "Agreement to Arbitrate." *Id.* at 3.

> **Agreement to Arbitrate.** Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together "Tesla").
>
> If you have a concern or dispute, please send a written notice describing it and your desired resolution to resolutions@tesla.com.
>
> If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products. You further agree that any disputes related to the arbitrability of your claims will be decided by the court rather than an arbitrator, notwithstanding AAA rules to the contrary.
>
> To initiate the arbitration, you will pay the filing fee directly to AAA and we will pay all subsequent AAA fees for the arbitration, except you are responsible for your own attorney, expert, and other witness fees and costs unless otherwise provided by law. If you prevail on any claim, we will reimburse you your filing fee. The arbitration will be held in the city or county of your residence. To learn more about the Rules and how to begin an arbitration, you may call any AAA office or go to www.adr.org.
>
> The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitrator cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action. If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.
>
> If you prefer, you may instead take an individual dispute to small claims court.
>
> You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to: Tesla, Inc.; P.O. Box 15430; Fremont, CA 94539-7970, stating your name, Order Number or Vehicle Identification Number, and intent to opt out of the arbitration provision. If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract.

*Id.* Moore could opt out of arbitration by sending a letter to Telsa, as instructed. *Id.*

Telsa insists there is a valid agreement to arbitrate because the order confirmation page indicates Moore accepted the terms of the agreement. *Id.* at 1 (noting "Order placed with electronically accepted terms 06/05/2026"). And Raymond Kim, Business Resolution Manager at Tesla, attests that Moore did not send a letter opting out of the arbitration agreement within 30 days of the transaction. Kim Aff. [10-2] at 2; *see id.* (stating Tesla maintains all opt-out letters).

But Moore suggests that he did opt out of arbitration. He says he sent "a complete written package to Tesla's designated opt-out address" that included his "written Reservation of

Rights . . . which reserved rights to initiate corrective action . . . ; to pursue commercial lien enforcement or refund of surplus value; and to seek injunctive relief." Pl.'s Resp. [15] at 1. He admits the Reservation of Rights did not explicitly state, "I opt out of arbitration" but urges the Court to find that he provided "sufficient notice" to Tesla of his intent to opt-out. *Id.* at 1–2.

The Court assumes that a "substantial compliance" standard applies, meaning Moore needed to substantially—not strictly—comply with Tesla's opt-out procedure. *See Richardson v. Verizon Wireless Servs., LLC*, No. 1:23-CV-05006-SDG, 2025 WL 3260504, at *3 (N.D. Ga. Sept. 30, 2025) (applying Georgia law and noting "only substantial compliance with the terms of an opt-out provision" is required). That said, "courts have found that providing the defendant merely some of the information required by the defendant's opt-out procedures does not constitute substantial compliance of an arbitration agreement's specific opt-out procedures." *Anderson v. Amazon.com, Inc.*, 478 F. Supp. 3d 683, 695–96 (M.D. Tenn. 2020) (finding plaintiff had "not met his burden in demonstrating that he has effectively opted out of the Arbitration Agreement").

The packet Moore sent to Tesla does not substantially comply with the opt-out procedure. To begin, the Agreement directs the purchaser to send a letter to Tesla at P.O. Box 15430, Fremont, CA, "stating your name, Order Number or Vehicle Identification Number, and intent to opt out of the arbitration provision." MVOA [10-1] at 3. Moore sent his packet to a different address. Pl.'s Exh. B [15-2] at 2 (showing a mailing to "Tesla; Taneja Vaibhav, 45500 Freemont Blvd; Freemont CA.").

Nor did Moore express an intent to opt out of arbitration. His packet contained over 30 pages of documents, including: (1) an "Effective Financing Statement (farm products)," Pl.'s Exh. A [15-1] at 2–4; (2) a document titled "Actual and Constructive Notice by Special Deposit,"

*id.* at 6; (3) a document titled "Irrevocable Assignment of Trust Assets," *id.* at 8–10; (4) a copy of Tesla's Motor Vehicle Purchase Agreement, which includes the arbitration provision, *id.* at 11–17; (5) a "Bill of Exchange," *id.* at 21–22; and (6) various tax forms and tax publications, *id.* at 24–32.

As Moore admits, he did not explicitly state, "I opt out of arbitration." Pl.'s Resp. [15] at 1. Indeed, he never mentions "arbitration," except that he attached the full Motor Vehicle Purchase Agreement containing that provision. Pl.'s Exh. A [15-1] at 14.[1] And the "Reservation of Rights" he references is contained within the document titled "Irrevocable Assignment of Trust Assets" and states:

> V. RESERVATION OF RIGHTS
>
> The Cameron D Moore Private bank E&T reserves all rights under UCC § 1-308, Mississippi trust and commercial law, and applicable equity principles to:
>
> · Initiate corrective action in case of dishonor, rejection, or fiduciary breach;
>
> · File or perfect a security interest in the Assigned Trust Assets should performance be unlawfully denied;
>
> · Seek commercial lien enforcement, refund of surplus value, or injunctive relief where necessary.

*Id.* at 10; *see* Pl.'s Resp. [15] at 1 (referring to Reservation of Rights). These statements don't convey an intent to opt out of arbitration. As Tesla points out, at most Moore reserved the right to seek specific remedies or assert claims, he did not address the forum for resolution of disputes. *See* Def.'s Reply [16] at 3 (citing *Hillhouse v. Chris Cook Constr., LLC*, 325 So. 3d 646, 650

[1] The arbitration provision in the Motor Vehicle Order Agreement submitted by Tesla, MVOA [10-1] at 3, and the Motor Vehicle Purchase Agreement contained in Moore's packet, Pl.'s Exh. A [15-1] at 14, are identical.

(Miss. 2021) ("Arbitration is about choice of forum—period." (quotation marks and citation omitted))).

In sum, Moore's packet and his Reservation of Rights did not signal his intent to opt out of arbitration. A valid agreement to arbitrate exists.

***Does the dispute fall within the scope of the arbitration agreement?*** The Agreement to Arbitrate provides that "any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator." Order [10-1] at 3. Moore's claims relate to the purchase and financing of the subject Tesla; such claims are within the scope of this arbitration agreement. *See* Compl. [1-1]; Am. Compl. [17].

***Do other legal constraints foreclose arbitration?*** There is no evidence of legal constraints, "such as fraud, duress, and unconscionability," that preclude arbitration. *E. Ford, Inc. v. Taylor*, 826 So. 2d 709, 713 (Miss. 2002); *see Oasis Health & Rehab of Yazoo City, LLC v. Smith*, 42 F. Supp. 3d 821, 826 (S.D. Miss. 2014) (noting "fraud, duress, and unconscionability may be asserted to invalidate" an arbitration agreement).

In sum, the Court finds Tesla's motion to compel arbitration should be granted.

IV. Conclusion

The Court has considered all arguments raised by the parties; those not specifically addressed would not have changed the result. For the reasons stated, Tesla's motions to compel arbitration [10, 13] are granted. Moore's claims against Tesla are submitted to arbitration.

That leaves Moore's claims against U.S. Bank. According to the notice of removal, U.S. Bank has not been properly served and was therefore not required to consent to removal. Notice [1] at 4 (citing 28 U.S.C. §§ 1441(c)(2) and 1446(b)(2)(A)). As such, Moore is directed to show

cause within 14 days why this claim should not be dismissed for failure to effect service of process as to U.S. Bank. *See* Fed. R. Civ. P. 4(m).

**SO ORDERED AND ADJUDGED** this the 9th day of November, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE